The opinion of the Court was delivered hy
Todd, J.
This is an action brought by the syndic of the estates of J. H. Scheen and of Lisso & Scheen, insolvents, to annul an act of giving in payment, executed hy J. H. Scheen to his wife, Mrs. Nancy A. Scheen, on the 23d of November, 1378, and a judgment obtained by the wife against her-said husband on the 27th of May, 1879.
There was an exception filed to the petition, on the ground of its containing conflicting allegations, iu charging thatthe act of giving in payment attacked, was simulated, and if not a pure simulation, it was a fraudulent attempt on the part of an insolvent debtor to give an unfair preference to one of his creditors.
*687 The prayer of the petition was substantially and to the effect that the act and j udgment assailed be declared null and void. This prayer was equally appropriate, whether the alleged nullity resulted from the one cause or the other of those assigned. The object and purpose of the suit was to procure the annulling of the act and judicial proceeding complained of, in order to reach the property of the insolvent debtor. It was an action of nullity, and its prayer determined its character, and was comprehensive enough to justify the decree of nullity asked for, upon either of the grounds urged, in the alternative in the petition.
This identical question was determined in the case of Johnson vs. Mayer, 30 A. 1203, and in the reasons of the Court for their conclusion upon the question involved, we quote the following:
“ The next plea filed by defendants, was one to compel plaintiff to elect between the two grounds of his demand, to-wit: Simulation and fraud on the ground that they are inconsistent. * * * We see no inconsistency in saying that a sale is simulated, and if not simulated, that it is fraudulent. It is very like claiming a right by two titles. * * * When sales are attacked by direct action, there is no reason why the party may not demand relief from them by alleging simulation, or fraud, or both. We are not disposed to hamper the remedies of creditors by doubtful technicalities. In the class of cases now under consideration, the widest latitude should be given them, for they are necessarily, to a great degree, uninformed as to the precise relation existing between their debtor and his coadjutors in wrongdoing. Often they are compelled to strike in the dark. If the purchaser’s title is an honest one, it is better for him that the double test be applied, in one, instead of two suits.”
This decision, and the reasoning by which it is supported, meet our hearty concurrence.
The exception was, therefore, properly overruled.
Another exception pleaded by the defendant, was, in substance, that the. acceptance of J. II. Scheen, the insolvent, surrender, and the participation in the proceedings thereunder by his creditors, and the election of the syndic by them, debarred the latter, as their representative, from objecting to the schedule of the insolvent, as to the debts included therein, and to claiming property as belonging to his estate, not placed in the schedule.
There is no force in this exception. The surrender upon the formal showing, made by the insolvent, -was accepted by the Judge for the benefit of the creditors. R. S. Sec. 1789. And the appointment of the syndic, like that of an assignee in bankruptcy, so far from committing the creditors to the correctness of the schedule, and precluding them or their representative from seeking to amend or change it, was but a *688 preliminary step to the regulation and adjustment as between the insolvent and the creditors, and among the latter, inter sese, of all matters embraced in the surrender, and reported in, or pertaining to, the schedule submitted.